IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-0014-01-CR-W-NKL |
| ) | |
| TERRELL D. WILLS, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

ORDER

On August 11, 2006, United States Magistrate Judge John T. Maughmer recommended that the Court enter an Order denying Terrell D. Wills's ("Wills") Motion to Suppress. *See* Report and Recommendation [Doc. # 34]. Wills, through his attorney, filed objections on August 18, 2006 [Doc. # 38]. Having conducted an independent review of the record and considered Wills's objections, the Court concludes that Judge Maughmer's Report and Recommendation is correct and should be adopted.

On August 14, 2005, State Trooper Halford was notified by his dispatcher that someone in a pickup truck had reported a vehicle, believed to be a PT Cruiser, driving eastbound on Interstate 70 in a careless and imprudent manner. A short time later, Trooper Halford observed a gray Chevrolet HRR, which looks similar to a PT cruiser, traveling east on I-70 followed by a pickup truck. Halford followed the Chevrolet and

1

observed the vehicle drifting from the left lane through the right lane and crossing the white fog line.  Halford engaged his emergency lights and the Chevrolet pulled over, though it briefly swerved back onto and off of the highway before coming to a complete stop.  Halford approached the vehicle and, with the help of another officer who had arrived at the scene, asked the driver, Wills, to step out of the car.  Wills was slow in turning off his engine and reluctant to step out of the car.  When he eventually did so, he was twice ordered to keep his hands away from his pockets.  For officer safety reasons, Trooper Halford conducted a pat down of Wills's pockets, during which he felt what he believed from training and experience to be a small bag of marijuana.  He placed Wills under arrest and searched the vehicle, in which he found a handgun and a digital scale.

Wills challenges the traffic stop which led to the discovery of the handgun, claiming that Trooper Halford lacked reasonable suspicion or probable cause to stop him.  The evidence, however, shows that Wills drifted from the left lane through the right and over the white fog line.  This is sufficient to justify a stop.  *See United States v. Martinez*, 354 F.3d 932, 934 (8th Cir. 2004) (crossing fog line on interstate was probable cause to support traffic stop).  Wills also challenges the pat down leading to his arrest.  However, his slow compliance with police requests to turn off the engine and step out of his vehicle, and his repeated attempts to place his hands in his pockets despite being told not to, justified an officer-safety pat down for weapons.  *United States v. Hanlon*, 401 F.3d 926, 929 (8th Cir. 2005).  Halford's detection, during the pat-down search, of what he believed from training and experience to be bag of marijuana falls within the "plain-feel"

2

exception to the warrant requirement. *See United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994) ("an officer may seize an object discovered in a pat-down search if the object's incriminating character is immediately apparent to the officer's touch.") Discovery of the marijuana created probable cause for Wills's arrest, and the subsequent search of the car, revealing the handgun, was a lawful search incident to arrest. *United States v. Hrasky*, 453 F.3d 1099 (8th Cir. 2006).

Accordingly, it is

ORDERED that Judge Maughmer's Report and Recommendation of August 11, 2006, [Doc. # 34] is ADOPTED. The evidence seized during and after the traffic stop on August 14, 2005, will not be suppressed.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: August 25, 2006
Jefferson City, Missouri